**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD EUGENE TOKARCIK, JR. | : | |
| | : | |
| Appellant | : | No. 1026 WDA 2023 |

Appeal from the PCRA Order Entered August 8, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000083-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD EUGENE TOKARCIK JR. | : | |
| | : | |
| Appellant | : | No. 1027 WDA 2023 |

Appeal from the PCRA Order Entered August 8, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000081-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD E. TOKARCIK, JR. | : | |
| | : | |
| Appellant | : | No. 1028 WDA 2023 |

Appeal from the PCRA Order Entered August 8, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000220-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| RICHARD E. TOKARCIK, JR. | : |  |
|  | : |  |
| Appellant | : | No. 1029 WDA 2023 |

Appeal from the PCRA Order Entered August 8, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000219-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| RICHARD EUGENE TOKARCIK JR. | : |  |
|  | : |  |
|  | : | No. 1030 WDA 2023 |

Appeal from the PCRA Order Entered August 8, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000218-2010

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.: **FILED: April 30, 2024**

In this consolidated appeal,[1] Appellant, Richard Eugene Tokarcik, Jr., appeals from the August 8, 2023 order entered in the Court of Common Pleas of Jefferson County that denied his petitions filed pursuant to the Post

---

[1] In an October 17, 2023 *per curiam* order, this Court consolidated *sua sponte* Appellant's five appeals docketed with this Court at 1026 WDA 2023, 1027 WDA 2023, 1028 WDA 2023, 1029 WDA 2023, and 1030 WDA 2023.

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[2]  We affirm the order, in part, vacate the order, in part, and remand the case for further proceedings in accordance with this memorandum.

The record reveals that, on March 7, 2011, Appellant pleaded guilty to nine counts of burglary and two counts of access device fraud at the aforementioned trial court dockets, as well as one count of burglary at trial court docket CP-33-CR-0000217-2010 ("Case 217-2010").[3]  That same day, upon Appellant's waiver of a pre-sentence investigation report, the trial court sentenced Appellant to an aggregate term of 5 to 10 years' incarceration, subject to eligibility for the recidivism risk reduction incentive program after 50 months' incarceration, to be followed by 91 years' probation.[4]

---

[2] The August 8, 2023 order denying Appellant's petitions was entered on trial court dockets: CP-33-CR-0000081-2010 ("Case 81-2010"), CP-33-CR-0000083-2010 ("Case 83-2010"), CP-33-CR-0000218-2010 ("Case 218-2010"), CP-33-CR-0000219-2010 ("Case 219-2010"), and CP-33-CR-0000220-2010 ("Case 220-2010") because the petitions challenged Appellant's criminal convictions and probation revocation sentences imposed at each of the aforementioned trial court dockets.  Appellant filed a separate notice of appeal at each of the aforementioned trial court dockets.

[3] 18 Pa.C.S.A. §§ 3502(a) (10 counts) and 4106(a)(1)(ii) (2 counts).

[4] In Case 217-2010, Appellant pleaded guilty to one count of burglary and was sentenced to 5 to 10 years' incarceration with the sentence set to run concurrently to a sentence Appellant was then-serving in Clearfield County, Pennsylvania.  In Case 218-2010, Appellant pleaded guilty to one count of burglary and was sentenced to 10 years' probation with the term of probation set to run consecutively to the sentence imposed in Case 217-2010.  In Case 219-2010, Appellant pleaded guilty to one count of burglary and was sentenced to 10 years' probation with the term of probation set to run

On May 9, 2011, Appellant filed *pro se* a PCRA petition, his first, asserting, *inter alia*, that his guilty plea was unlawfully induced and that his trial counsel was ineffective during the guilty plea colloquy. PCRA counsel was appointed and, ultimately, this Court affirmed the order denying Appellant's petition. ***Commonwealth v. Tokarcik***, 2014 WL 10795288 (Pa. Super. filed Oct. 8, 2014) (unpublished memorandum).

In January 2017, while on parole, Appellant committed several new criminal offenses.[5] As a result of these new criminal charges, the trial court

---

consecutively to the sentence imposed in Case 218-2010. In Case 220-2010, Appellant pleaded guilty to seven counts of burglary. On Count 1, Appellant was sentenced to 10 years' probation with the term of probation set to run consecutively to the sentence imposed in Case 219-2010. On the remaining six counts of burglary, Appellant was sentenced to 10 years' probation on each count with the terms of probation set to run concurrently to each other and set to run concurrently to the sentence imposed on Count 1. In Case 81-2010, Appellant pleaded guilty to one count of access device fraud and was sentenced to one year of probation with the term of probation set to run consecutively to the sentence imposed in Case 220-2010. In Case 83-2010, Appellant pleaded guilty to one count of access device fraud and was sentenced to one year of probation with the term of probation set to run concurrently to the sentence imposed in Case 81-2010.

[5] The new criminal allegations lodged against Appellant were summarized as follows:

> [B]etween Sunday, January 1, 2017[, and] Friday, January 6, 2017, [Appellant] engaged in behavior which threatened the safety and well-being of [two] minor female children by encouraging the minors [*via* cellular telephone textual] messaging to [become] intoxicated prior to [Appellant] meeting them with [Appellant having] the intention of [engaging in] sex with both minor females.

issued a detainer on January 10, 2017, and Appellant was taken into custody pending a **Gagnon I**[6] hearing. On January 27, 2017, Mark A. Wallisch, Esquire ("Attorney Wallisch") entered his appearance on behalf of Appellant in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010 (collectively, "the probation revocation cases").

On February 1, 2017, in the probation revocation cases, Appellant was charged with violating the conditions of his probation.[7] Specifically, Appellant

_____

Notice of Charges and Hearing Rights & Written Request for Revocation, 2/1/17.

On January 8, 2017, Appellant was charged with criminal attempt, criminal solicitation, corruption of minors, sexual abuse of children, unlawful contact with a minor, and criminal use of a communication facility (10 counts). **Id.** The new criminal charges were filed against Appellant at trial court docket CP-33-CR-0000132-2017 ("Case 132-2017")

[6] **Gagnon v. Scarpelli** 411 U.S. 778 (1973). A **Gagnon I** hearing is a pre-revocation hearing at which the Commonwealth must establish that probable cause exists to believe that a probation violation has been committed. **Commonwealth v. Ferguson** 761 A.2d 613, 617 (Pa. Super. 2000).

[7] To be clear, Appellant's probationary sentences had not commenced as of February 1, 2017, in any of the probation revocation cases. At that time, Pennsylvania jurisprudence allowed trial courts to revoke probation in anticipation of the commencement of a supervisory sentence. In **Commonwealth v. Rosario**, 294 A.3d 338 (Pa. 2023), however, our Supreme held that "the plain language of the statute governing probation revocation [(in most cases, 42 Pa.C.S.A. § 9771)] prohibits [the] practice" of anticipatory revocation of probation. **Rosario**, 294 A.3d at 341, 349. The **Rosario** Court, therefore, held that anticipatory revocation of probationary sentences was illegal. **Id.** at 359.

In his March 2023 PCRA petition, as discussed *infra*, Appellant sought to invalidate his revocation sentences imposed in the probation revocation cases.

was charged with failing "to abide by the laws of the Commonwealth" (Probation Condition #4) and "to refrain from threatening and overt behavior which threatens or presents a clear and present danger to others" (Probation Condition #10). After conducting a *Gagnon I* hearing, the trial court ordered that Appellant remain in police custody pending the outcome of the underlying charges in Case 132-2017. *Gagnon* Order, 2/1/17.

In Case 132-2017, a jury convicted Appellant on October 19, 2017, of numerous sex-based offenses involving a minor. *Commonwealth v. Tokarcik*, 2019 WL 5595843, at *1 (Pa. Super. filed Oct. 30, 2019) (unpublished memorandum), *appeal denied*, 233 A.3d 678 (Pa. 2020). On February 7, 2018, the trial court sentenced Appellant in Case 132-2017 to an aggregate term of 10 to 20 years' incarceration. *Tokarcik*, 2019 WL 5595843, at *2. That same day, the trial court conducted a *Gagnon II*[8] hearing in the probation revocation cases, which are the subject of the instant appeal. At the conclusion of the hearing, the trial court revoked Appellant's probation in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010. *Gagnon* Order, 2/8/18. The trial court then resentenced Appellant to an aggregate term of 22 to 44 years' incarceration with the

_____

Appellant, however, must first successfully invoke a timeliness exception to the PCRA jurisdictional time-bar to gain a vehicle (*i.e.*, a timely PCRA petition) for doing so.

[8] If the trial court finds probable cause at the *Gagnon I* hearing, a second, more comprehensive *Gagnon II* hearing is required before a final revocation decision can be made. *Ferguson*, 761 A.2d at 617.

sentences set to run consecutively to the sentence imposed in Case 132-2017.[9]  *Id.*  Appellant did not file a post-sentence motion or appeal his judgments of sentence in the probation revocation cases.  As such, Appellant's judgments of sentence in the probation revocation cases became final on March 9, 2018.  *See* Pa.R.A.P. 903(a) (stating that, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); *see also* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

---

[9] In Case 218-2010, the trial court resentenced Appellant to a term of 5 to 10 years' incarceration with the sentence set to run consecutively to the sentence imposed in Case 132-2017.  In Case 219-2010, the trial court resentenced Appellant to a term of 5 to 10 years' incarceration with the sentence set to run consecutively to the sentence imposed in Case 218-2010.  In Case 220-2010, the trial court resentenced Appellant to a term of 5 to 10 years' incarceration on Count 1 (burglary) with the sentence set to run consecutively to the sentence imposed in Case 219-2010.  On the remaining six counts of burglary in Case 220-2010, the trial court resentenced Appellant to a term of 5 to 10 year's incarceration on each count with the sentences set to run concurrently to each other and concurrently to the sentence imposed on Count 1 (and, thus, consecutively to the revocation sentence imposed at Case 219-2010).  In Case 81-2010, the trial court resentenced Appellant to 3½ to 7 years' incarceration with the sentence set to run consecutively to the sentences imposed in Case 220-2010. Finally, in Case 83-2010, the trial court resentenced Appellant to 3½ to 7 years' incarceration with the sentence set to run consecutively to the sentence imposed in Case 81-2010.  *Gagnon* Order, 2/1/18.  On February 14, 2018, the trial court amended the February 1, 2018 sentencing order to award Appellant credit for time served.  Corrected *Gagnon* Order, 2/14/18.

On May 21, 2020, Attorney Wallisch filed a motion to withdraw his appearance in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010, which the trial court granted the following day. On March 24, 2022, Appellant filed *pro se* a motion to correct an illegal sentence.[10] The PCRA court, upon receipt of Appellant's motion, properly considered the motion to be a petition filed pursuant to the PCRA because Appellant's judgments of sentence were final and the motion requested relief contemplated by the PCRA (*i.e.*, correction of an illegal sentence).[11] **See Commonwealth v. Fantuazzi**, 275 A.3d 986, 955 (Pa. Super. 2022) (stating, "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA"), *appeal denied*, 289 A.3d 41 (Pa. 2022); **see also** 42 Pa.C.S.A. § 9543(a)(2)(vii) (stating that, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that the sentence resulted from the "imposition of a sentence

_____

[10] Appellant's *pro se* motion to correct an illegal sentence was timestamped as having been received by the PCRA court on March 30, 2022. The envelope that Appellant used to mail his motion is not included in the certified record. A review of the motion, however, reveals that the motion was dated March 24, 2022. Pursuant to the "prisoner mailbox rule," we deem Appellant's motion as filed on March 24, 2022. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the "prisoner mailbox rule," a document is deemed filed on the date an inmate deposits the mailing with prisoner authorities or placed it in the prison mailbox).

[11] For ease of discussion, this PCRA petition, as amended in April 2022, is identified as the "March 2022 petition."

greater than the lawful maximum"). On April 22, 2022, Appellant filed *pro se* an amended PCRA petition.[12] On May 18, 2022, the PCRA court appointed counsel to represent Appellant.

On July 22, 2022, Appellant filed *pro se* a motion to discontinue the March 2022 petition.[13] On August 1, 2022, the PCRA court denied Appellant's *pro se* motion to discontinue his March 2022 petition.[14]

---

[12] Appellant's *pro se* amended PCRA petition, captioned as an "Amended Motion to Correct an Illegal Sentence pursuant to 42 Pa.C.S.[A.] § 9545," was timestamped as having been received by the PCRA court on April 27, 2022. The envelope that Appellant used to mail his amended petition is not included in the certified record. A review of the amended petition, however, reveals that the amended petition was dated April 22, 2022. Pursuant to the "prisoner mailbox rule," we deem Appellant's amended petition as filed on April 22, 2022. *See Jones*, 700 A.2d at 426.

[13] Appellant's *pro se* motion to discontinue his March 2022 petition was timestamped as having been received by the PCRA court on July 28, 2022. The envelope that Appellant used to mail his motion is not included in the certified record. A review of the motion, however, reveals that the motion was dated July 22, 2022. Pursuant to the "prisoner mailbox rule," we deem Appellant's motion as filed on July 22, 2022. *See Jones*, 700 A.2d at 426.

[14] The record does not indicate that the PCRA court forwarded Appellant's motion to discontinue his March 2022 petition to PCRA counsel, despite Appellant being represented by counsel. On August 1, 2022, the PCRA court denied Appellant's motion to discontinue and, in so doing, stated

Because [Appellant] does have [PCRA] counsel, however, the [PCRA c]ourt will not enter an order that will change the status of the pending petition [(the March 2022 petition)] except in response to a pleading filed by [PCRA counsel] as counsel of record. Accordingly, should [Appellant,] in fact[,] wish to withdraw his petition or do otherwise, he shall communicate his intention to [PCRA] counsel, who, one way or the other, should

On March 14, 2023, Appellant filed *pro se* a second PCRA petition.[15] On March 20, 2023, the PCRA court, noting that Appellant was represented by counsel, entered Appellant's March 14, 2023 *pro se* petition on the docket and forwarded the petition to counsel.[16]

On April 10, 2023, Appellant filed with the PCRA court a letter directed to his PCRA counsel. In his letter, Appellant stated that he wanted current

_____

> act with reasonable speed and diligence to finally resolve the matter.

PCRA Court Order, 8/1/22.

In denying Appellant's motion to discontinue, the PCRA court dismissed Appellant's motion without taking action on the matter and provided instruction to both Appellant and PCRA counsel on how to proceed if Appellant wished to discontinue his March 2022 petition. Therefore, we find the principles governing hybrid representation where not implicated in the case *sub judice*. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) (setting forth the well-established principle that a petitioner, who is represented by counsel, typically has no constitutional right to hybrid representation in a PCRA court or an appellate court); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) (stating that, "the proper response to any *pro se* pleading [(other than a *pro se* notice of appeal)] is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion"), *abrogated on other grounds by*, **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).

[15] Appellant's *pro se* petition was timestamped as having been received by the PCRA court on March 17, 2023. The envelope that Appellant used to mail his petition is not included in the certified record. A review of the petition, however, reveals that the petition was dated March 14, 2023. Pursuant to the "prisoner mailbox rule," we deem Appellant's petition as filed on March 14, 2023. **See Jones**, 700 A.2d at 426.

[16] For ease of discussion, the PCRA petition filed on March 14, 2023, as amended on June 29, 2023, is identified as the "March 2023 petition."

PCRA counsel to file a motion for the appointment of new counsel on the ground that then-current PCRA counsel failed to respond to Appellant's correspondence and requests for information.[17] Letter, 4/10/23. Upon receipt of Appellant's *pro se* filing, the PCRA court scheduled a hearing on the matter for July 7, 2023. Meanwhile, on June 29, 2023, Appellant filed *pro se* an amended PCRA petition seeking to amend his March 2023 petition to request reinstatement of his direct appeal rights *nunc pro tunc*.[18]

On July 7, 2023, upon conclusion of a hearing, Appellant filed *pro se* a motion seeking an additional hearing to address his request for the appointment of new PCRA counsel.[19] In his *pro se* motion, Appellant asserted

_____

[17] Appellant's letter was timestamped as having been received by the PCRA court on April 14, 2023. The envelope that Appellant used to mail his letter is not included in the certified record. A review of the letter, however, reveals that the letter was dated April 10, 2023. Pursuant to the "prisoner mailbox rule," we deem Appellant's letter as filed on April 10, 2023. *See Jones*, 700 A.2d at 426.

[18] Appellant's *pro se* amended petition was timestamped as having been received by the PCRA court on July 3, 2023. The envelope that Appellant used to mail his amended petition is not included in the certified record. A review of the amended petition, however, reveals that the petition was dated June 29, 2023. Pursuant to the "prisoner mailbox rule," we deem Appellant's amended petition as filed on June 29, 2023. *See Jones*, 700 A.2d at 426.

[19] Appellant's *pro se* motion was timestamped as having been received by the PCRA court on July 12, 2022. The envelope that Appellant used to mail his motion is not included in the certified record. A review of the motion, however, reveals that the motion was dated July 7, 2022. Pursuant to the "prisoner mailbox rule," we deem Appellant's motion as filed on July 7, 2022. *See Jones*, 700 A.2d at 426.

that the PCRA court did not address his request for the appointment of new counsel at the July 7, 2023 hearing.

On July 19, 2023, Appellant filed with the PCRA court a copy of a letter dated July 15, 2023, and addressed to PCRA counsel. In his letter, Appellant stated,

> I believe the only PCRA petition referenced at the [July 7, 2023] hearing was the petition filed prior to your appointment, which was titled "motion to correct an illegal sentence" and filed [on] March [24], 2023. That petition is untimely on its face and does not allege any exception to the time requirement of 42 Pa.C.S.[A. § ]9545.
>
> I never received notice that you amended that petition to meet any time requirement, nor did you expostulate at the hearing on July 7, 2023[,] to include the PCRA petition filed March [14], 2023, which alleges and included documented proof of newly-discovered facts, which is an exception to the one[-]year time limit of [Section] 9545.
>
> As this is my first PCRA petition[,] I do believe I have the right to be permitted to file an amended petition with the assistance of counsel and the timeliness requirement of a PCRA petition is an amendable issue.

*Pro Se* Letter, 7/15/23.

On July 27, 2023, PCRA counsel filed a response to Appellant's July 7, 2023 motion. On August 8, 2023, the PCRA court denied Appellant's March 2022 petition and his March 2023 petition.[20] This appeal followed.[21]

Appellant raises the following issues for our review:

[1.] Whether the sentences imposed on February 7, 2018 following the anticipatory revocation of [Appellant's] then[-]pending probation are illegal in light of **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. [] 2021)[[22]]?

[2.] Whether the PCRA court erred in denying [Appellant's PCRA] claim for ineffective assistance of counsel as untimely where: [Appellant] requested that [John M. Ingros, Esquire ("Attorney Ingros")[23]] file an appeal challenging the

_____

[20] A PCRA court is not "jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time, unless [a PCRA court] order regarding a previously filed petition [relating to that same judgment of sentence] is on appeal and, therefore, not yet final." **Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018), *appeal denied*, 190 A.3d 1134 (Pa. 2018). Therefore, in the *case sub judice*, the PCRA court was permitted to dispose of both the March 2022 petition and the March 2023 petition in its August 3, 2023 order.

[21] Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

[[22]] In **Simmons**, this Court *en banc* held that a trial court could not anticipatorily revoke an order of probation before the period of probation began. The Pennsylvania Supreme Court subsequently decided **Rosario, supra** which confirmed that anticipatory revocation of probationary sentences is illegal.

[23] In his March 2023 petition, Appellant identified Attorney Ingros as the counsel who abandoned Appellant by failing to file a direct appeal of the judgments of sentence in the probation revocation cases. As discussed *infra*, Appellant's identification of Attorney Ingros is misplaced. At the conclusion of

probation revocation sentences]; no appeal appears on the record; and, in his March 7, 2018 letter to [Appellant], Attorney Ingros informed [Appellant] that an appeal would go beyond one year, [and] that the time to file a PCRA petition would begin at the conclusion of the direct appeal, but [Attorney Ingros] did not specify that he did not appeal the [probation revocation] sentences imposed on February 7, 2018?

Appellant's Brief at 4 (extraneous capitalization omitted).[24]

Appellant's claims challenge the PCRA court's dismissal of his March 2022 and March 2023 petitions, asserting that the PCRA court erroneously determined that Appellant failed to plead and prove one of the timeliness exceptions enumerated in Section 9545(b)(1) and, as such, his petitions were untimely. *Id.* at 15-22.

Our scope and standard of review of an order denying a PCRA petition is well-settled. Proper appellate review of a PCRA court's dismissal of a

_____

the **Gagnon II** hearing, Appellant was represented by Attorney Wallisch who, at that time, remained counsel of record in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010. As counsel of record in the probation revocation cases, Attorney Wallisch, not Attorney Ingros, owed any extant duty to perfect Appellant's direct appeals from the judgments entered in the probation revocation cases.

[24] We note that Appellant's brief, filed with this Court on January 23, 2024, is untimely. **See** *Per Curiam* Order, 11/28/23 (requiring Appellant's brief to be filed on or before December 29, 2023). Although we do not condone the untimely filing of an appellate brief, we do not, in the case *sub judice*, find that the late filing of the appellate brief precludes our review. Moreover, the Commonwealth did not object to the late filing but, instead, stated in a letter filed with this Court on February 20, 2024, that it did not intend to file a response brief.

For ease of disposition, Appellant's issues have been reorganized.

petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

If a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. **Reid**, 235 A.3d at 1143 (stating, "[w]ithout jurisdiction, [courts] simply do not have legal authority to address the substantive claims" (citation and original quotation marks omitted)). As discussed *supra*, Appellant's judgments of sentence in the probation revocation cases became final on March 9, 2018. Appellant filed *pro se* the March 2022 petition on March 24, 2022, more than three years after the deadline for filing a timely PCRA petition. Moreover, Appellant filed *pro se* the March 2023 petition on March 14, 2023, more than four years after the deadline for filing a timely PCRA petition. Therefore, Appellant's petitions are both patently untimely.

- 15 -

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i - iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. *Spotz*, 171 A.3d at 676.

Here, in his March 2022 and March 2023 petitions, Appellant asserts that his discovery of this Court's decision in *Simmons*, *supra*, triggered the newly-discovered fact exception set forth at Section 9545(b)(1)(ii). In his March 2023 petition, Appellant also asserts that counsel's failure to appeal the judgments of sentence in the probation revocation cases amounted to complete abandonment by counsel and that his discovery of this abandonment constituted a newly-discovered fact.

To invoke the newly-discovered facts exception, a petitioner must plead and prove facts that were unknown to the petitioner despite the exercise of due diligence. *Commonwealth v. Reid*, 235 A.3d 1124, 1144 (Pa. 2020),

- 16 -

*citing* 42 Pa.C.S.A. § 9545(b)(1)(ii). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party [] put forth reasonable effort to obtain the information upon which a claim is based." ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016) (citation and original quotation marks omitted). The petitioner must offer "evidence that he[, or she,] exercised due diligence in obtaining facts upon which his[, or her,] claim was based." ***Id.*** at 227, *citing* ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001). The question of whether a petitioner, based upon the circumstances of a particular case, would have been unable to discover the newly-discovered fact notwithstanding the exercise of due diligence is a question that requires fact-finding, and the PCRA court, as the fact-finder, should determine whether a petitioner demonstrated this requirement of the exception. ***Commonwealth v. Bennet***, 930 A.2d 1264, 1274 (Pa. 2007).

"[T]he newly[-]discovered fact[s] exception[, however,] does not require any merits analysis of the underlying claim, and application of the time-bar exception[,] therefore[,] does not necessitate proof of the elements of a claim of after-discovered evidence." ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020) (original quotation marks omitted) (noting that, the newly-discovered facts exception to the jurisdictional time-bar is distinct from an after-discovered evidence claim, which is a substantive basis for relief pursuant to 42 Pa.C.S.A. § 9543(a)(2)(iv)); ***see also Commonwealth v. Fears***, 250 A.3d 1180, 1189 (Pa. 2021) (stating, an analysis pertaining to whether a petitioner has sufficiently pleaded and proven the newly-discovered

facts exception to the jurisdictional time-bar prohibits a merits analysis of the underlying claim). For purposes of the newly-discovered facts exception, a determination that the facts were unknown to the petitioner is circumstance-dependent and requires an analysis of the petitioner's knowledge. **Small**, 238 A.3d at 1283.

Preliminarily we examine the procedural posture of the case *sub judice* as it implicates our review of Appellant's issues. On January 27, 2017, Attorney Wallisch, an attorney in the Jefferson County public defender's office, entered his appearance on behalf of Appellant "for the purpose of a **Gagnon** [h]earing." Entry of Appearance, 1/27/17. Thus, as of January 27, 2017, Attorney Wallisch was counsel of record for Appellant in the probation revocation cases. Attorney Wallisch remained attached as counsel in the probation revocation cases until May 22, 2020, when the trial court granted his motion to withdraw.

Proceedings before the trial court on February 7, 2018, included not only the imposition of sentence at Case 132-2017 but also the pronouncement of sentence in the probation revocation cases. **See generally**, N.T., 2/7/18. Specifically, as discussed **supra**, Appellant was sentenced in Case 132-2017 to an aggregate term of 10 to 20 years' incarceration. **Id.** at 17-18. On that same date, Appellant's supervisory punishment was revoked, and he was resentenced in the probation revocation cases to an aggregate term of 22 to 44 years' incarceration with the sentences set to run consecutively to the sentence imposed in Case 132-2017. **Id.** at 28-30; **see also Gagnon** Order,

2/8/18. For purpose of sentencing in Case 132-2017, Appellant was represented by Attorney Ingros, also an attorney in the Jefferson County public defender's office, and Attorney Ingros was present at the sentencing hearing. N.T., 2/7/18, at 2-9. Attorney Wallisch was not present, however, at the February 7, 2018 probation revocation and resentencing hearing. ***See generally,*** N.T., 2/7/18.

Thus, for purpose of clarity, Attorney Wallisch represented Appellant with regard to the five judgments of sentence imposed in the probation revocation cases that are implicated in the current appeal. Attorney Ingros represented Appellant for purpose of the judgment of sentence imposed in Case 132-2017, which is not implicated in the current appeal.

After Appellant was sentenced in Case 132-2017, Attorney Ingros filed a direct appeal challenging the judgment of sentence entered in Case 132-2017. ***See Tokarcik***, 2019 WL 5595843, at *1. Attorney Wallisch did not appeal the judgments of sentence entered in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010.

On May 21, 2020, Attorney Wallisch filed a motion to withdraw his appearance on behalf of Appellant in the probation revocation cases. The trial court granted Attorney Wallisch's request on May 22, 2020. Thus, as of May 22, 2020, Appellant was no longer represented by counsel in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010.

Appellant filed *pro se* a PCRA petition on March 24, 2022, which he amended on April 22, 2022. PCRA counsel was appointed to represent

Appellant regarding the March 2022 petition. On March 14, 2023, Appellant filed *pro se* a second PCRA petition, which he amended on June 29, 2023.

In both his March 2022 petition and in his March 2023 petition, Appellant asserted that this Court's decision in **Simmons**, **supra**, constituted a newly-discovered fact for purpose of the Section 9545(b)(1)(ii) timeliness exception to the jurisdictional time-bar. In **Reid**, **supra**, our Supreme Court reiterated the well-established principle that judicial decisions cannot constitute "new facts" for purpose of the Section 9545(b)(1)(ii) exception. **Reid**, 235 A.3d at 1148; **see also Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) (stating, "judicial decisions are not facts"). Consequently, Appellant's argument that this Court's decision in **Simmons**, **supra**, satisfied the newly-discovered facts exception is without merit.

Appellant next asserts that his counsel in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010 was ineffective for failing to appeal the judgments of sentence entered in the probation revocation cases. Appellant's Brief at 15-18. Appellant contends that counsel's ineffectiveness amounted to abandonment, and Appellant's discovery of this abandonment constituted a newly-discovered fact for purpose of Section 9545(b)(1)(ii). **Id.**

It is well-established that an allegation of ineffectiveness is, typically, not sufficient to overcome an otherwise untimely PCRA petition. **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (stating that, a claim for ineffective assistance of counsel does not save an otherwise

untimely petition for review on the merits); *see also Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (stating that, our Supreme Court "has never suggested that the right to effective PCRA counsel can be enforced *via* an untimely filed PCRA petition").

In *Bennett*, *supra*, our Supreme Court carved out a narrow exception to the decision announced in *Gamboa-Taylor*. The *Bennett* Court held that where a petitioner's allegation of counsel's ineffectiveness "emanates from the complete denial of counsel," Section 9545(b)(1)(ii) permits that claim to be considered on its merits despite the claim being raised in an untimely PCRA petition. *Bennet*, 930 A.2d at 1273 (stating that, "the analysis set forth in *Gamboa–Taylor* and subsequent case law does not apply to situations when counsel abandons his[, or her,] client for purposes of appeal"); *see also Commonwealth v. Peterson*, 192 A.3d 1123, 1130-1131 (Pa. 2018) (stating that, counsel's abandonment of a defendant (or petitioner, depending on the procedural posture) constitutes ineffectiveness *per se* and is a "newly-discovered fact" for purpose of Section 9545(b)(1)(ii)).

Several years later, our Supreme Court clarified its holding in *Bennett*, *supra*, stating that nothing in *Bennett* or Section 9545(b)(1)(ii) supports a conclusion that a claim of counsel ineffectiveness based upon allegations of abandonment presumptively or automatically overcomes the PCRA jurisdictional time-bar. *Watts*, 23 A.3d at 986. Rather, to constitute a newly-discovered fact, counsel's abandonment must have been unknown to the petitioner and undiscoverable through the exercise of due diligence. *Id.*

- 21 -

Additionally, a petitioner must file a petition invoking counsel's newly-discovered abandonment within one year of discovery. 42 Pa.C.S.A. § 9545(b)(2).

In determining whether PCRA counsel "completely abandoned" a petitioner, our Supreme Court has explained that "the failure to file a requested direct appeal . . . is the functional equivalent of having no counsel at all." **Bennett**, 930 A.2d at 1273, *citing* **Commonwealth v. Halley**, 870 A.2d 795 (Pa. 2005); **see also Peterson**, 192 A.3d at 1131 (explaining that, abandonment arises from counsel's actions, or inactions, that result in the complete deprivation of a client's appellate review).

In the case *sub judice*, the PCRA court, in finding that Appellant's claim of abandonment failed to satisfy the newly-discovered facts exception under Section 9545(b)(1)(ii), stated,

> To avail himself of [Section] 9545(b)(1)(ii), [Appellant] has to prove both that he was previously unaware that **Attorney Ingros** failed to directly appeal his probation [revocation] sentences and that he could not have ascertained that fact by the exercise of due diligence[. The] record[, however,] indicates quite the opposite.
>
> In a letter to [Appellant] dated July 12, 2017[,] and referencing "**Commonwealth v. Tokarcik** - Attempt SSA and Others," Attorney Ingros discussed the new charges [filed at Case 132-2017] at length, explaining legal principles relevant to concerns his client had apparently raised. He made no mention of the [probation revocation] cases until the final substantive paragraph, where [Attorney Ingros] noted that he was more concerned about what [the trial court] would do with the pending probation violations and assured [Appellant] that he would try to secure a favorable plea offer encompassing all the cases.
>
> When [Appellant] was later sentenced after being found guilty by a jury [in Case 132-2017, Appellant] made it clear that he wanted

- 22 -

to appeal. In that regard, when the [trial] court asked[, at the February 7, 2018 hearing,] whether [Appellant] had any questions about his sentences, he responded, "Only to [Attorney] Ingros about what we should appeal." Thereafter, Attorney Ingros filed post-sentence motions and, explaining his intended appellate strategy to [Appellant], detailed why he saw no value in advancing a sentencing claim. He added that he would provide copies of all pleadings he filed subsequent to the notice of appeal and[,] because he only filed a notice of appeal at [Case 132-2017], each [copy of a filing] he provided would have referenced only that docket number. [Appellant,] thus[,] should have recognized well within the PCRA's statute of limitations that counsel had not appealed the revocation sentences. He was, after all, not a no[v]ice to the legal system, including the ins[-]and[-]outs of appellate review. The record discloses as much.

To the extent [Appellant] may not have realized from Attorney Ingros's correspondence that his probation [revocation] sentences were not part of the then-pending appeal, [this Court's decisional memorandum] filed October 30, 2019[,] made it perfectly clear, not only that [Case 132-2017] was the only case at issue, but also that counsel had not asked [this] Court to decide anything pertaining to the [probation revocation] sentences. Captioned in part "Petition for Allowance of Appeal from the Order of the Superior Court," our Supreme Court then issued an order on May 13, 2020[,] denying [Appellant's] petition for allowance of appeal.[] Because there was only one [] order [from this Court] to which [the petition for allowance of appeal] could have been referring, [our Supreme Court's] order [denying review] further confirmed that the appellate courts had not been asked to evaluate [Appellant's probation revocation] sentences. Nonetheless, [Appellant] waited nearly [three] more years to allege that Attorney Ingros was ineffective for failing to file a direct appeal in [the probation revocation] cases.

In light of the above, [Appellant's] claim clearly is not amenable to the newly[-]discovered facts exception. What the record indicates is that [Appellant] had every piece of information he needed to ascertain years ago that Attorney Ingros did not appeal his probation [revocation] sentences. Whether by making the most evident inference when every document he received referenced only [Case 132-2017] or by exercising due diligence to further investigate the apparent implication, he certainly should have discovered the omission long before the PCRA's statute of limitations expired. Accordingly, the following admonition from

> ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa. Super. 2001), is directly on point:
>
>> Trial counsel's failure to file a direct appeal was discoverable during [Carr's] one-year window to file a timely PCRA petition[. Carr] had a full year to learn if a direct appeal had been filed on his behalf. A [tele]phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed. Due diligence requires that [Carr] take such steps to protect his own interests.
>
> ***Id.*** at 1168. In this case, [Appellant] knew as early as March [] 2018 that Attorney Ingros did not intend to appeal his [probation revocation] sentence[s], and every document he received after that should have confirmed that counsel had not changed his mind. Yet [Appellant] failed to reach out to his attorney, the Jefferson County clerk of courts, or anyone else who might have had the relevant knowledge until long after the PCRA's statute of limitations [] expired for [the probation revocation] cases. Accordingly, [the PCRA] court reaches the same conclusion that [this Court] reached in ***Carr***, "The mere fact that [Carr] alleges his trial counsel was ineffective for not filing his appeal does not save his petition from the PCRA's timeliness requirements."

PCRA Court Opinion, 8/8/23, at 2-3 (record citations, some case citations, original brackets, and extraneous capitalization omitted; emphasis added).

While it is undisputed, and the record supports, that Attorney Ingros represented Appellant in Case 132-2017 at both the February 7, 2018 sentencing hearing and on direct appeal of the judgment of sentence imposed in Case 132-2017, we cannot find record support for the PCRA court's determination that Appellant was represented, for purposes of the probation revocation cases, by Attorney Ingros at the February 7, 2018 hearing. Rather, the record before us unequivocally establishes that Attorney Wallisch represented Appellant in the probation revocation cases from the filing of his entry of appearance on January 27, 2017, until the order granting his motion

to withdraw on May 22, 2020.  This period of representation clearly included the February 7, 2018, probation revocation and resentencing hearing.  The trial court also identified Attorney Wallisch as Appellant's counsel on the probation revocation form filed on February 15, 2018.  *See* Probation Revocation Form, 2/15/18 (listing "defense counsel" as "Attorney Wallisch").  Finally, in response to Appellant's *pro se* motion to discontinue his March 2022 petition, the PCRA court informed Appellant that "the official record [in the probation revocation cases] reflects that the [Jefferson County] Public Defender[']s Office, last acting through [Attorney Wallisch], petitioned and was granted leave to withdraw as counsel in May 2020[.]"  PCRA Court Order, 8/1/22.  Therefore, in analyzing Appellant's claim of abandonment, the PCRA court erred in assuming that Attorney Ingros served as Appellant's counsel of record in the probation revocation cases.

As discussed *supra*, Attorney Wallisch was counsel of record for Appellant in the probation revocation cases during the time period that included the February 7, 20218 probation revocation and resentencing hearing.  Furthermore, the record establishes that Attorney Wallisch was not present at the February 7, 2018 probation revocation and resentencing hearing, and Attorney Wallisch did not file a direct appeal challenging the judgments of sentence imposed in the probation revocation cases.  As counsel of record, Attorney Wallisch was under an obligation to appear with Appellant at the February 7, 2018 probation revocation and resentencing hearing and to advise Appellant during the hearing and about the necessity of an appeal

or seek a continuance if he was unable to appear. The trial court record reveals that Attorney Wallisch did not seek a continuance.

We are constrained in this matter to vacate the portion of the order denying Appellant's March 2023 petition as it relates to his claim of ineffectiveness of trial counsel and whether, or not, this ineffectiveness constituted abandonment for purpose of the newly-discovered facts exception to the jurisdictional time-bar. Upon remand, an evidentiary hearing is required to develop a factual record analyzing the actions, and inactions, of relevant counsel, namely Attorney Wallisch, to determine if **Attorney Wallisch** abandoned Appellant for purpose of the newly-discovered facts exception (**see Bennett**, **supra**) and when Appellant could have reasonably learned of the abandonment through the exercise of due diligence. In particular, the PCRA court must determine, *inter alia*, (1) whether Attorney Wallisch received notice of the February 7, 2018 **Gagnon II** hearing and, as counsel of record, simply failed to appear and advise Appellant as required (including a discussion of the right to an appeal);[25] (2) whether Appellant was aware who represented him in the probation revocation cases on February 7, 2018, and, relatedly, what Attorney Wallisch and Attorney Ingros understood

---

[25] The certified record before us does not contain a scheduling order pertaining to the **Gagnon II** hearing. Therefore, it is unclear if Attorney Wallisch were informed of the February 7, 2018 **Gagnon II** hearing.

their duties towards Appellant to be;[26] (3) whether Appellant requested that notices of appeal challenging the judgments of sentence entered in the probation revocation cases be filed;[27] and (4) when Appellant became aware

_____

[26] Neither Appellant, Attorney Ingros, nor the trial court raised the absence of Attorney Wallisch as an issue during the **Gagnon II** hearing. Rather, in his July 22, 2022 motion to discontinue his March 2022 petition, Appellant asserted:

> [Appellant] has letters from [Attorney] Ingros indicating he is counsel in the [probation revocation cases].
>
> [Attorney] Ingros appeared for all consultations, and all legal proceedings, which includes sentencing for the probation violation[s].
>
> At sentencing[, the trial] court stated on the record that [Attorney] Ingros is counsel.
>
> [Appellant] discussed appeal strategies with [Attorney] Ingros for the probation violation [cases].

*Pro Se* Motion to Discontinue PCRA Petition, 7/22/22, at ¶¶3-6. As such, some questions exist as to Appellant's understanding of which attorney from the Jefferson County public defender's office represented him for purpose of the probation revocation cases, which must be resolved at the PCRA evidentiary hearing upon remand.

[27] At the February 7, 2018 hearing, the trial court stated,

> The reason I'm doing it this way [(referring to sentencing Appellant in Case 132-2017 first and then holding a **Gagnon II** hearing)] is, one I want to get all of the [sexual offender registration] stuff out of the way, and [second], your probation sentences have a slightly different right of appeal. So before we leave this case [(referring to Case 132-2017)], do you have any questions or anything you don't understand?

- 27 -

that Attorney Wallisch did not appeal the judgments of sentence entered in the probation revocation cases.[28]

In conclusion, we affirm the portion of the August 8, 2023 order that denied Appellant's March 2022 petition and March 2023 petition as untimely and without exception on the ground that this Court's decision in **Simmons**, **supra**, did not constitute a newly-discovered fact for purpose of Section 9545(b)(1)(ii). We are constrained, however, to vacate the portion of the August 8, 2023 order that denied Appellant's March 2023 petition as untimely and without exception on the ground that trial counsel's actions, or inactions, did not constitute abandonment sufficient to overcome the jurisdictional time-bar pursuant to Section 9545(b)(1)(ii). We remand this case for purpose

---

N.T., 2/7/18, at 24 (paragraph formatting omitted). Appellant replied, "Only to [Attorney] Ingros about what we should appeal." Therefore, Appellant clearly indicated his desire to file a notice of appeal. This statement, however, was made at the conclusion of Case 132-2017 and before the imposition of the probation revocation sentences. Moreover, Appellant indicated his desire for Attorney Ingros to file an appeal, but Appellant was represented by Attorney Wallisch for purpose of the probation revocation cases.

[28] The PCRA court, based upon a review of the March 7, 2018 letter from Attorney Ingros and directed to Appellant, found that Appellant "should have recognized well within the PCRA's [one-year jurisdictional time-bar] that counsel had not appealed the revocation sentences." PCRA Court Opinion, 8/8/23, at 2. We cannot agree. A review of the March 7, 2018 letter reveals a discussion by Attorney Ingros regarding the post-sentence and appellate processes related to Case 132-2017, Attorney Ingros' proposed strategy and likelihood of success in that case, and the suspected timeframe for resolution of an appeal in Case 132-2017. This letter does not discuss the judgments of sentence imposed in the probation revocation cases or the appeals thereof (nor should the letter discuss such subjects since Attorney Wallisch, and not Attorney Ingros, represented Appellant in the probation revocation cases).

of an evidentiary hearing to establish a factual record in accordance with this memorandum.

Order affirmed, in part, and vacated, in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/30/2024